## 57084. HERCULES, INC. v. ADAMS.

QUILLIAN, Presiding Judge.

The opinion of this Court in *Hercules, Inc. v. Adams,* 150 Ga. App. 223 (257 SE2d 289) (1979) having been reversed on certiorari by the Supreme Court in *Adams v. Hercules, Inc.,* 245 Ga. 464 (265 SE2d 781) (1980), we have vacated our former judgment.

The facts of this case are fully set forth in our first opinion but will be briefly restated herein for clarity. This was an appeal by the defendant Hercules from the grant of plaintiff Adams' motion for summary judgment — an employee of the defendant. Adams had been given an employee's pamphlet describing "Employee Benefit Plans. . . These less common Benefit Plans are presented here in a very brief form. . .You may obtain the full details of all Benefit Plans from your Foreman, Supervisor or the Personnel Department."

Plaintiff suffered a compensable injury which arose out of his employment with the defendant and was awarded workers' compensation of $80 per week for 121 weeks. The information provided plaintiff by Hercules in its pamphlet was that: "Hercules pays to an employee absent from work because of an injury sustained in the course of employment, the difference between his normal wages, and the amount of compensation provided by the Georgia Workmen's [sic] Compensation Law." However, the "master agreement" provided that such "compensation [was] to commence with the third day of disability and to continue during the period of such disability, but not in excess of thirteen (13) weeks for any one

injury or accident. . . "

Adams' wages were $167.50 per week and he was paid only $80 per week by workers' compensation. Thus, he brought this action for the difference — $87.50 per week for 121 weeks. His motion for summary judgment was granted in the amount of $15,409.11. Hercules brought this appeal. This Court reversed holding "the crucial question to be determined in the instant case is whether the information contained in the booklet adequately placed the employee on notice that the *intent* of Hercules was not that the booklet distributed contained the 'Voluntary Compensation Plan' but placed the employee on notice that the booklet contained a summarization — which was not binding, and the employees could inspect the controlling master plan in the Personnel Office. . . We [found] the issue of adequacy of the notice to the employee, that the voluntary compensation plan in the booklet was not controlling, but the master plan in the personnel office was controlling, to be within the province of the jury. . ." (Emphasis supplied.) The Supreme Court, on certiorari, held that "construction of the handbook language in these cases, however, has been a matter of law for the courts to decide. The question in this case, then, as we view it, is whether as a matter of law this handbook fairly put employees on notice of the master agreement, and that such master agreement should be examined to determine the benefits available under it. We hold that it does."

The Supreme Court further held: "Since we have held that Adams should have been on notice that his voluntary compensation benefits were limited to thirteen weeks, and since Hercules has admitted that it owes Adams for thirteen weeks of his disability, [the issue discussed in Division 2 by the Court of Appeals] has been rendered moot."

Accordingly, as the Supreme Court has ruled that plaintiff may collect only for thirteen weeks of his disability, and that defendant Hercules has admitted its liability for that amount, this renders all remaining enumerations of error moot.

*Judgment affirmed with direction that the trial court write off the amount in excess of $1,137.50. Appellate costs are taxed against appellee. Deen, C. J., McMurray, P. J., Smith, Shulman, Banke, Birdsong, Carley and Sognier, JJ., concur.*

ARGUED JANUARY 16, 1979 — DECIDED MAY 21, 1980.

*Richard M. Scarlett, Wallace Harrell,* for appellant.

*George M. Rountree,* for appellee.